# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: MEDNAX SERVICES, INC., CUSTOMER
DATA SECURITY BREACH LITIGATION                                    MDL No. 2994

### TRANSFER ORDER

**Before the Panel:**[*] Defendants Mednax, Inc.; Mednax Services, Inc.; Pediatrix Medical Group; and Pediatrix Medical Group of Kansas, P.C. (collectively, Mednax) move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Florida. Alternatively, Mednax does not oppose centralization in the Eastern District of New York, the District of South Carolina, or the Western District of Missouri. The litigation consists of five actions pending in four districts, as listed on Schedule A.[1] Plaintiffs in the two Southern District of Florida actions support the motion to centralize in the Southern District of Florida. Plaintiff in the Western District of Missouri action supports centralization and suggests the Western District of Missouri as the transferee forum. Plaintiffs in the Southern District of California and District of South Carolina actions oppose centralization or, alternatively, request centralization in the Southern District of California. American Anesthesiology, Inc., a former affiliate of Mednax and a defendant in the District of South Carolina action, supports centralization in the Southern District of Florida or, alternatively, in the Eastern District of New York or the District of South Carolina.

On the basis of the papers filed and the hearing session held,[2] we find that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions—all of which are putative nationwide or statewide class actions—share factual issues relating to a June 2020 incident in which Mednax's e-mail system was breached, potentially compromising the personally identifiable and health-related information of nearly two million individuals. All

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of one potentially-related action pending in the District of Arizona. This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2994 (J.P.M.L. May 10, 2021), ECF No. 40.

Case 0:21-md-02994-RAR   Document 1   Entered on FLSD Docket 06/04/2021   Page 2 of 3
Case MDL No. 2994   Document 44   Filed 06/04/21   Page 2 of 3

-2-

plaintiffs allege that defendants failed to implement appropriate measures to protect their personal information, failed to take steps to mitigate the consequences of the breach or prevent additional breaches, and failed to provide prompt notice of the breach to affected persons. All plaintiffs assert similar claims for violation of state privacy and consumer protection laws, negligence, and/or breach of contract, and all plaintiffs allege similar injuries. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

No party disputes that the actions involve common issues of fact and similar claims. Rather, the opposing plaintiffs argue that there are too few involved actions to justify centralization and that alternative means of coordination would be preferable. We do not agree. This litigation involves six related actions (including the potential tag-along) pending in five districts, which are spread across the country from Florida to California. All defendants request centralization and plaintiffs in three of the five actions on the motion support centralization.[3] Different counsel represent plaintiffs in each of the involved actions. Given the number of parties, counsel, and courts involved in this litigation, alternatives to centralization do not appear practicable. Centralization is warranted in these circumstances.

The Southern District of Florida is an appropriate transferee forum for this litigation. Two actions are pending in this district. All defendants support centralization there. The Mednax and Pediatrix defendants' headquarters and principle places of business are located in the Southern District of Florida, and thus relevant evidence and witnesses likely will be located there. Judge Rodolfo A. Ruiz II, to whom we assign the litigation, is a skilled jurist who has not yet had the opportunity to preside over an MDL. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Rodolfo A. Ruiz II for coordinated or consolidated pretrial proceedings.

                              PANEL ON MULTIDISTRICT LITIGATION

                              _____
                                          Karen K. Caldwell
                                              Chair

Catherine D. Perry            Nathaniel M. Gorton
Matthew F. Kennelly           David C. Norton
Roger T. Benitez              Dale A. Kimball

---

[3] Plaintiff in the potential tag-along action did not respond to the motion.

| | |
|---|---|
| **IN RE: MEDNAX SERVICES, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL No. 2994 |

## SCHEDULE A

<u>Southern District of California</u>

RUMELY, ET AL. v. MEDNAX, INC., ET AL., C.A. No. 3:21−00152

<u>Southern District of Florida</u>

DAVIS v. MEDNAX SERVICES, INC., C.A. No. 0:21−60347
COHEN v. MEDNAX SERVICES, INC., C.A. No. 1:21−20375

<u>Western District of Missouri</u>

A.W. v. PEDIATRIX MEDICAL GROUP OF KANSAS, P.C., C.A. No. 4:21−00119

<u>District of South Carolina</u>

NIELSEN, ET AL. v. MEDNAX, INC., ET AL., C.A. No. 4:21−00500