# EXHIBIT "1"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-md-02994-RAR

In re:

**MEDNAX SERVICES, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**
_____/

This Document Relates to All Actions

### MOTION TO APPOINT INTERIM LEAD AND LIAISON CLASS COUNSEL

Plaintiff Kashari Davis respectfully moves the Court to appoint John A. Yanchunis as Lead Class Counsel and Julie Braman Kane as Liaison Counsel.[1]

### I.    INTRODUCTION

Plaintiff Davis respectfully requests that the Court designate John Yanchunis as Lead Class Counsel and Julie Kane as Liaison Counsel. This will permit all Plaintiffs, in this and the related cases, to prosecute their claims efficiently and in the putative class' best interests. Mr. Yanchunis will utilize the talents of counsel supporting this motion to ensure that the litigation proceeds effectively and efficiently, with minimal duplication. He will implement a billing protocol used in other MDL litigation, require monthly submission of time records in a particular format, make certain lawyers are not engaged in unauthorized tasks, and verify that assigned tasks are being performed efficiently. Mrs. Kane will facilitate communications with the Court, manage filings, manage billings, and perform necessary administrative duties, as well as any role requested by Mr. Yanchunis in the prosecution of this litigation. Mr. Yanchunis and counsel supporting this motion have performed substantial work investigating and litigating this case and have the experience,

---

[1] Plaintiffs Chelsea Cohen and Joseph Larsen and their respective counsel join in Plaintiff Davis' request to appoint Mr. Yanchunis as Lead Class Counsel and Mrs. Kane as Liaison Counsel.

1

knowledge, and considerable resources to pursue and protect the putative class's best interests, including substantial experience litigating privacy and data breach class actions.

## II.   BACKGROUND

Between January 11, 2021 and March 25, 2021, seven consumer class actions were filed across the country by separate groups of lawyers asserting claims arising out of the Mednax data breach.  Mr. Yanchunis filed the first such case, after which six other copycat lawsuits were filed.[2]

## III.   APPLICABLE LAW

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class.

## IV.   ARGUMENT

Mr. Yanchunis and Mrs. Kane satisfy all requirements for appointment by the Court. Mr. Yanchunis has successfully litigated numerous class actions involving data breaches and privacy claims on behalf of hundreds of millions of consumers.  Both firms have the necessary resources to prosecute the litigation and are already working, and will continue to work, cooperatively to

---

[2] One such suit was initially filed in this District on behalf of Plaintiff Bean (0:21-cv-60111-BB) by attorney William Federman, who seeks to be lead counsel after unsuccessfully moving to transfer these consolidated cases to the Southern District of California.  Nine days after filing the complaint on behalf of Plaintiff Bean in this District, Mr. Federman filed another copycat suit on behalf of Plaintiff Bean and others in the Southern District of California (3:21-cv-00152-BAS-JLB).  Six days later, Mr. Federman voluntarily dismissed the case he had filed in this District.

2

efficiently and effectively manage the litigation. Additionally, Mr. Yanchunis, Mrs. Kane, and the lawyers supporting this motion have the case management and complex litigation skills and knowledge of the relevant factual and legal issues to efficiently prosecute this action.

A.  **Rule 23(g)(1)(A)(i): The work counsel has done in identifying or investigating potential claims in the action.**

Immediately after the public announcement of the data breach at Mednax, Mr. Yanchunis and the lawyers supporting this motion began investigating potential legal claims and remedies for the victims of the breach, including Plaintiffs. Those investigations included, among other things: (i) investigating the underlying facts; (ii) interviewing affected consumers; (iii) researching legal claims; (iv) drafting initial pleadings; (v) investigating and retaining experts in the area of data security and damages; and (vi) organizing plaintiffs and counsel. The investigation included an ex-FBI agent employed at Morgan & Morgan who, before his retirement, was an active agent with substantial experience in investigations and headed the FBI's investigation of Enron. In addition, Mr. Yanchunis engaged experts he has used in many of the largest data breach cases ever filed, including experts in privacy, cyber security, and damages.

The facts alleged are egregious in terms of the information exposed and the scope of the victims. Mr. Yanchunis and his co-counsel promptly filed the first complaint arising out of the data breach. He then continued proactively advancing the cases against Mednax. He presented oral argument before the JPML, advocating for consolidation in this District, understanding that it was (and is) the appropriate transferee forum (despite other plaintiffs' counsel advocating for transfer to the Southern District of California). Since then, Mr. Yanchunis has led all of Plaintiffs' counsel in coordinating this litigation, including by taking the lead in preparing an agenda for the initial status conference and by coordinating with Defendants' counsel regarding same.

Mr. Yanchunis has led the way in coordinating with counsel in related cases. Seeking to

avoid a leadership dispute, he proposed a leadership structure to counsel for the plaintiffs opposing this Motion and proposing a competing leadership structure.[3] Although that offer was rejected, Mr. Yanchunis' offer remains open (subject to Court approval), demonstrating a commitment to be inclusive and take advantage of the strengths of each firm for the benefit of the Class.

If appointed, Mr. Yanchunis will ensure that work assignments are allocated fairly and to eliminate duplication. He will ensure that substantive time expenditures are necessary, thus ensuring that the work is completed efficiently, and the time and expense is well managed. The substantial work and investigation to date weigh in favor of appointing Mr. Yanchunis, as he and his diverse team are organized, unified, and committed to working for the class's best interests.

**B.      Rule 23(g)(1)(A)(ii): Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action.**

   1.      *Proposed Lead Class Counsel: John A. Yanchunis*

Morgan & Morgan is the largest plaintiff's firm in the country consisting of over 700 lawyers throughout the Country. Within the firm, Mr. Yanchunis leads the class action practice group composed of many talented lawyers. *See* **Exhibits A** (Yanchunis) and **B** (group)**.** He recruited these lawyers to ensure both gender and ethnic diversity, and many of the lawyers in his practice served as law clerks to federal judges, including two lawyers who clerked for both Judges on the District Court and the 11th Circuit Court of Appeals. Mr. Yanchunis serves as both a leader and a mentor to the lawyers in the group and trains and utilizes the younger lawyers in the group to assume significant roles and responsibilities in class action cases, including arguing motions in court and taking depositions, promoting their professional development and growth. If appointed, he will commit to maintaining the practice of utilizing younger lawyers in his practice group.

---

[3] If a co-lead structure is proposed, Plaintiffs and counsel supporting this Motion believe this is unnecessary for a case of this size and will cause unnecessary duplication at the Class' expense.

Mr. Yanchunis has been a trial lawyer for 39 years—a career that began after the completion of a two-year clerkship with United States District Judge Carl O. Bue (Southern District of Texas, now deceased). As a result of his experience in insurance and complex litigation, beginning in 2005, he was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers. He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations. The insurance regulator for Florida was the only insurance regulator in the group. The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, filed by Celotex Corporation and its subsidiary, Carey Canada, Inc. During the seventeen years the case remained pending, he served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims. The case was tried in three phases over several years beginning in 1992. He was lead counsel for these parties in appeals that followed a judgment in favor of his clients.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation*, No. 00 CIV 0641 NRB (S.D.N.Y.), an action alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-Lead Counsel in the successful prosecution and settlement of privacy class action

cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis).  *See Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.); *Fresco v. R.L. Polk*, No. 07-cv-60695-JEM (S.D. Fla.).  He also served as co-Lead Counsel in the DPPA class cases, *Davis v. Bank of Am.*, No. 05-cv-80806 (S.D. Fla.) ($10 million class settlement), and *Kehoe v. Fidelity Fed. Bank and Trust*, No. 03-cv-80593 (S.D. Fla.) ($50 million class settlement).

Mr. Yanchunis has personally held leadership positions in many of the largest data breach cases filed: *In Re: Capital One Consumer Data Sec. Breach Litig.*, No. 19-md-2915 (E.D. Va.) (co-Lead Counsel) (litigation ongoing, discovery closed, class certification being argued  July 12-13, 2021)); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.) (Lead Counsel) (final approval of a settlement with a common fund of $117,500,000 entered in May 2020, now on appeal to the 9th Circuit)); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment approving largest data breach settlement in history was affirmed by the Eleventh Circuit Court of Appeals in June 2021); *Adkins v. Facebook, Inc.*, No. 18-cv-5982-WHA (N.D. Cal.) (co-lead counsel) (obtained highly contested certification of a Rule 23(b)(2) injunction class, final judgment entered approving class action settlement in  April, 2021); *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 15-mc-01394-ABJ (D.D.C.) (member of the Executive Committee) (dismissal on standing grounds recently reversed on appeal to the D.C. Circuit); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000); *In re Target Corp. Customer Data Sec.*

*Breach Litig.*, MDL No. 2522 (D. Minn.) (Executive Committee member) (final judgment approving settlement on behalf of approximately 100 million consumers upheld by the 8th Circuit).

In this District, he was lead counsel or chairman of several data breach cases: *Burrows v. Purchasing Power*, No. 1:12-cv-22800-UU (class settlement approved); *Carsten v. University of Miami*, No. 1:14-cv-20497-KMW (class settlement approved); and *Jackson v. Citrix Systems, Inc.*, No. 0:19-cv-61350-RKA (class settlement approved June 11, 2021). In approving the *Citrix* settlement, Judge Altman found the lack of objectors "a testament … to a successful resolution of a difficult case and … a very, very fair result, … for the class…. So I wanted to take a moment to commend all of the lawyers on the call today on a job … very, very well done. Congratulations."

Mr. Yanchunis' experience in these landmark privacy matters extends beyond leading teams of lawyers in advancing the litigation, briefing threshold issues, and negotiating settlements. He has personally deposed officers, corporate representatives, software engineers, data scientists, and CISOs in cases such as *Capital One*, *Yahoo!* and *Facebook*. In *Yahoo!*, Defendants produced more than 9 million pages of documents, Plaintiffs deposed nine witnesses, and Plaintiffs provided reports for, and defended depositions of, their four expert witnesses. In *Capital One*, the number of depositions exceeds 30 to date. Mr. Yanchunis' *Yahoo!* and *Facebook* teams briefed both class certification and *Daubert* motions.

Mr. Yanchunis has been nationally recognized for his work in the field of privacy and cyber security litigation, and was a LAW 360 MVP in 2019 (1 of 3 lawyers nationally) and in 2020 (1 of 4 lawyers nationally), Florida Lawyer of Year 2020 by the Daily Business Review, and National Law Journal trailblazer in the area of Cyber Security in 2016 and 2020.

2. *Proposed Liaison Counsel: Julie Braman Kane*

Julie Kane has decades of experience successfully representing plaintiffs in high-stakes

litigation. A partner of Colson Hicks Eidson since 1999, she has secured multimillion-dollar verdicts and settlements in significant personal injury, commercial, multidistrict and class litigation in Florida and elsewhere. Her summarized biography is attached as **Exhibit C**.

Over the past twenty years, she served as co-counsel for the consumer class in the Menorah Gardens cemetery desecration class action (*Joan Light, et al., vs. SCI Funeral Services of Florida d/b/a Menorah Gardens & Funeral Chapels*, in the Circuit Court of the 17th Judicial Circuit/Broward County, Florida, Case No. CACE 01-21376) resulting in a $100,000,000.00 resolution on the first day of trial as well as significant remedial measures. She served as counsel to the Receiver in the Mutual Benefits Receivership (*SEC v. Mutual Benefits Corporation*, Case No. 04-60573-Civ. (S.D. Fla.)), a key part of the team recovering over $100,000,000.00 in restitution to victim investors. She served as a member of the *In Re 21st Century Oncology* MDL (MDL 2737, M.D. Fla.) Plaintiffs' Steering Committee, a case in which final approval and judgment were entered late last month, involving relevantly a health care corporation data breach involving both personal and health identity theft.

She currently serves on the Plaintiffs' Executive Committee for the *In Re Allergan Biocell Textured Breast Implants Products Liability Litigation MDL* (MDL 2921, D.NJ) where she is actively involved in ongoing discovery. She serves as Lead and Liaison Counsel in the *In Re Monat Haircare Products Marketing, Sales Practices, and Products Liability Litigation* MDL (MDL 2841, S.D. Fla.), where she leads all aspects of the litigation and Liaison responsibilities.

3.      *Counsel in Support of this Motion*

Mr. Yanchunis' co-counsel and counsel for Plaintiffs Cohen and Larsen, who support this motion, collectively have extensive experience successfully litigating data breach class actions. *See* **Exhibits D-G**. Recognizing the value of Mr. Yanchunis' experience in successfully advocating in such cases, they support his and Mrs. Kane's appointment. If appointed, Mr.

Yanchunis will delegate tasks such as managing experts; managing legal issues and briefing; vetting lead plaintiffs; defensive discovery; and drafting consolidated pleadings.

**C.      Rule 23(g)(1)(A)(iii): Counsel's knowledge of the applicable law.**

As illustrated by his substantial experience in this area, Mr. Yanchunis' resume also contains a list of the substantial number of conferences at which he has spoken on the areas of privacy and data breach litigation, both nationally and internationally. The conferences in which he has spoken includes judges (both on the U.S. federal bench and from other countries), law professors, cyber security professionals, chief information security officers and chief information officers, corporate executives, and professionals in the insurance and healthcare industries.

**D.      Rule 23(g)(1)(A)(iv)**: **The resources that counsel will commit to representing the class.**

As for the resources that counsel will commit to representing the putative class, Mr. Yanchunis can draw upon the skills and talents of the experienced members of his class-action team, some working almost exclusively on data breach class actions. He (i) understands the time, energy, and skill necessary to lead this litigation, (ii) has committed the resources required for effective and efficient representation, (iii) will pay necessary assessments to ensure adequate funds are available, and (iv) has the resources to lead this litigation to conclusion, including trial.

**E.      Rule 23(g)(1)(B): Other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class.**

When motions for appointment as interim class counsel are contested, federal courts give deference to counsel in the first-filed case (here, Mr. Yanchunis). *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (recognizing that where a firm has "filed the first complaint[] in [the] case, and the subsequent complaints filed . . . are substantially similar to those initial filings," it provides evidence of the firm's "substantial history of investigating the potential claims in this action."); *see also In re Insulin Pricing Litig.*, 2017 WL 4122437, at *3

9

(D.N.J. Sept. 18, 2017) (appointing class counsel in part because they "filed the first complaint in this litigation"); *Steele v. United States*, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first.").

Mr. Yanchunis, Mrs. Kane, and their teams also reflect the diversity of the bar and the Class Members—from the standpoint of age, gender, experience, and geographic location. Mr. Yanchunis' class-action team at Morgan & Morgan reflects both gender and ethnic (Hispanic and African American) diversity, and many of the lawyers in his practice served as law clerks to federal judges, including two lawyers who clerked for Judges on the District Court and the 11th Circuit Court of Appeals. Likewise, Mrs. Kane's age-, ethnic- and gender diverse South Florida firm Colson Hicks Eidson includes former judicial clerks from the Southern District of Florida, the 11th Circuit Court of Appeals and the Supreme Court of the United States of America.

Another important consideration is the role of leadership in complex litigation, where a premium is placed on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are critical to successful management of the litigation. See MANUAL FOR COMPLEX LITIG. § 10.21. Mr. Yanchunis' has previously worked with many of the attorneys in the related cases, and Mrs. Kane's management skills have been honed through various litigations and civic activities outlined in her attached brief biography.

V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint John A. Yanchunis as Lead Class Counsel and Julie Braman Kane as Liaison Counsel.

Respectfully submitted,

*/s/ John a. Yanchunis*
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan D. Maxey
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 223-5505
*jyanchunis@ForThePeople.com*
*rmaxey@ForThePeople.com*

Julie Braman Kane
Florida Bar No.: 980277
**COLSON HICKS EIDSON**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*julie@colson.com*

Gary E. Mason*
MASON LIETZ & KLINGER LLP
5301 Wisconsin Avenue, NW
Suite 305
Washington, DC 20016
Tel: (202) 429-2290
Email: gmason@masonllp.com
         dlietz@masonllp.com

Gary M. Klinger*
MASON LIETZ & KLINGER LLP
227 W. Monroe Street, Suite 2100
Chicago, IL 60630
Tel.: (202) 975-0477
Email: gklinger@masonllp.com

*Counsel for Plaintiff Kashari Davis*


*Admission Forthcoming

11