UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-md-02994-RAR

In re:

**MEDNAX SERVICES, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**
_____/

This Document Relates to All Actions

**DEFENDANTS' MOTION TO STAY
DISCOVERY PENDING RULING ON MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants respectfully move this Court to stay all discovery in this civil action pending the Court's ruling on Defendants' Motion to Dismiss the Consolidated Class Action Complaint ("Motion to Dismiss").

**MEMORANDUM OF LAW**

**I.   Introduction**

Defendants have moved to dismiss the Consolidated Class Action Complaint (the "Complaint") for lack of Article III standing and failure to state a single plausible claim for relief. ECF No. 61.[1] The Motion to Dismiss presents a significant question as to whether this Court even has subject matter jurisdiction over Plaintiffs' claims and, if so, whether they can proceed past the motion to dismiss stage. Under these circumstances, a stay of discovery is not only warranted, it is also called for by Eleventh Circuit precedent.

The Eleventh Circuit has long instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief . . . should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d

---

[1] The procedural posture of this case is set forth in greater detail in Defendants' Motion to Dismiss.

1

1353, 1367 (11th Cir. 1997).  This holding is based on the recognition that "[a]lthough mechanisms for effective discovery are essential to the fairness of our system of litigation . . . they also carry significant costs," including "the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged."  *Id*.  "The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses."  *Id.*

Accordingly, the Eleventh Circuit has held that: "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368.  Simply put, under the Eleventh Circuit's guidance, this is a case where discovery should be stayed.

Defendants' Motion to Dismiss raises serious threshold concerns that must be resolved about the Article III standing of each of the twelve named plaintiffs and consequently the subject matter jurisdiction of this Court.  The motion also presents multiple, independent grounds for dismissal of each of the Complaint's nine causes of action.  If Defendants' Motion to Dismiss is granted, the Complaint will be dismissed in its entirety, and discovery will be entirely unnecessary.  Moreover, Plaintiffs will suffer no prejudice if a stay of discovery is imposed, as the Court has indicated that it intends to rule promptly on Defendants' Motion to Dismiss, so any stay that is imposed is likely to be brief.

## II. Argument and Citation to Authority

"District courts enjoy broad discretion in deciding how to best manage the cases before them." *Lewis v. Mercedes-Benz United States*, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020) (Ruiz, J.). It is well-settled in the Eleventh Circuit that "[d]iscovery . . . is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Chudasama*, 123 F.3d at 1367 (internal quotation marks omitted). Any "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.*; *see also World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012); *Taylor v. Serv. Corp. Int'l,* 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020) (Ruiz, J.). As the Eleventh Circuit has explained:

> If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the party's complete discovery encourages abuse of discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . Allowing the case to proceed through pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of litigants in the action before the court, delay resolution of disputes . . . , [and] squander scare judicial resources[.]

*Chudasama*, 123 F.3d at 1367-68. Both before and after its *Chudasama* decision, the Eleventh Circuit has long affirmed a district court's decision to stay discovery pending the outcome of a dispositive motion.[2]

---

[2] *See, e.g., Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that district court did not abuse its discretion by staying discovery pending its decision on a pending dispositive motion); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (holding that district court did not abuse its discretion in staying discovery pending its ruling on a motion for judgment on the pleadings); *Lawrence v. Governor of Georgia*, 721 F. App'x 862, 864 (11th Cir. 2018) (quoting *Chudasama* and affirming district court's stay of discovery pending court's ruling on dispositive motion); *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 946 (11th Cir. 2017) (affirming stay of discovery pending resolution of motion to dismiss); *Roberts v. FNB S. of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2659 (2018), *reh'g*

As this Court has held, "good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Lewis*, 2020 WL 4923640, at *2 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). Indeed, even where a dispositive motion is only granted in part, a stay of discovery is appropriate where "it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery." *Id.* In evaluating a motion to stay discovery, the Court often takes "a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Lewis*, 2020 WL 4923640, at *2 (granting motion to stay discovery). In doing so, the court must weigh the "harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* And where, as here, a temporary stay would allow the Court to "decide gateway issues of Article III standing," a stay is particularly appropriate. *Taylor*, 2020 WL 6118779, at *2.

---

*denied,* No. 17-1495, 2018 WL 4037504 (U.S. Aug. 24, 2018) ("Here, the district court properly stayed discovery pending a ruling on the legal sufficiency of Roberts's complaint because there was no 'need for discovery before the court rule[d] on the motion.'"); *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (affirming district court's stay of discovery pending resolution of motion to dismiss); *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) ("Rules 8(a) and 9(b) are pleading standards which apply *before* the discovery period begins and cannot be relied upon to defeat a motion to dismiss for failure to state a claim."); *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." (internal quotation marks omitted)); *Redford v. Gwinnet Cty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (quoting *Chudasama* and affirming the district court's stay of discovery pending resolution of defendants' motion to dismiss because "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins." (internal quotation marks and alterations omitted)); *Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (ruling that district court's order staying discovery until ruling on a motion to dismiss was not an abuse of discretion); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (quoting *Chudasama* and explaining that "facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins, especially when the challenged claim will significantly expand the scope of allowable discovery" (internal quotation marks and alterations omitted)).

Given the significant defects in Plaintiffs' Complaint, a stay of discovery is warranted. As discussed below, staying discovery pending resolution of Defendants' motion to dismiss will not prejudice Plaintiffs and prevents the unnecessary expenditure of the parties', and the Court's, resources.

### A. Defendants' Motion to Dismiss is Meritorious

Plaintiffs' Consolidated Complaint suffers from numerous defects that require its dismissal. No Plaintiff has alleged facts to confer Article III standing, which is a threshold jurisdictional issue. Furthermore, every claim asserted in the Consolidated Complaint fails on the merits for multiple reasons. Defendants' Motion to Dismiss fully sets forth the reasons why Plaintiffs' Consolidated Complaint should be dismissed. Those reasons are summarized here to demonstrate that Defendants' Motion to Dismiss is meritorious and discovery should be stayed.

#### *1. Not One Plaintiff Has Article III Standing*

Plaintiffs universally lack standing for two reasons. First, Plaintiffs rely on a laundry list of hypothetical or self-incurred "harms" to try and create standing, including: (1) increased risk of future harm; (2) mitigation measures (like costs for credit monitoring and lost time); (3) diminution in value of their PII; (4) loss of privacy; (5) lost benefit of the bargain; and (6) unspecified emotional distress. *See, e.g.,* Compl. ¶¶ 43, 46-48, 50, 432. But not one of these is sufficient as a matter of law. *See* ECF No. 61 at Argument Section I.A. For example:

- The Eleventh Circuit and the Supreme Court have made clear that risk of increased future harm is insufficient to confer Article III standing. *Tsao v. Captiva MVP Restaurant Partners, LLC*, 986 F.3d 1332, 1343 (11th Cir. 2021); *TransUnion v. Ramirez*, 2021 WL 2599472, at *13 (U.S. June 25, 2021).

- Voluntarily incurring costs for mitigation measures is also not a cognizable injury in

fact. *Tsao*, 986 F.3d at 1344.

- An alleged diminution in value of personally identifiable information does not qualify as an injury in fact. *See In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 380 F. Supp. 3d 1243, 1257 (M.D. Fla. 2019) ("The Court rejects this theory of injury in fact because Plaintiffs have not alleged that their personal information has an independent monetary value that is now less than it was before the Data Breach.").

- Loss of privacy is not an injury in fact. *See, e.g.*, *Darnell v. Wyndham Capital Mortg., Inc.*, 2021 WL 1124792, at *5 (W.D.N.C. Mar. 24, 2021) (alleged loss of privacy does not qualify as injury in fact and noting that "[t]he Court has been unable to find any law holding otherwise in the data breach context").

- Lost benefit of the bargain is not an injury in fact in data breach cases. *Duqum v. Scottrade*, Inc., 2016 WL 3683001, at *6 (E.D. Mo. July 12, 2016) ("A majority of courts have found that similar allegations of loss of bargained-for services in data breach cases are not sufficiently concrete to satisfy the injury in fact requirement of Article III Standing.").

- Emotional distress, without more, is not an injury-in-fact either. *Preisler v. Eastpoint Recovery Group, Inc*., 2021 WL 2110794, at *6 (S.D. Fla. May 25, 2021) (Ruiz, J.) (holding the plaintiff "cannot rely solely on his feelings of distress, confusion, or anxiety to fabricate concrete injury").

Certain Plaintiffs (A.W., Soto, Baum, Larsen, Lee, Cohen, Clark, and Nielsen) allege additional "injuries" (in the form of spam phone calls, the presence of Social Security numbers on the Dark Web, and fraudulent bank accounts), but they fail to show anything more than a "speculative chain of possibilities." *Clapper v. Amnesty Int'l USA, et al.*, 568 U.S. 398, 414

(2013). To tie any one of these injuries to the security incident, either a telephone number (for spam calls) or Social Security numbers (to open bank accounts or to appear on the Dark Web) would have to have been impacted. But none of the Plaintiffs' Social Security or telephone numbers were compromised in the cyberattack. *See In re Cmty. Health Sys.,* 2016 WL 4732630, at *12 (N.D. Ala. Sept. 12, 2016) (finding fair traceability only where an instance of misuse has "a logical connection to the data stolen"); *Welborn v. IRS*, 218 F. Supp. 3d 64, 79 (D.D.C. 2016 ) ("At a minimum, [Plaintiffs] must allege facts that indicate that the information stolen from the Defendants in the [] breach is the same type of information used to commit their injuries."). *See* ECF No. 61 at Argument Section I.B.

Plaintiffs should not be able to pursue burdensome discovery on their nine causes of action based on nothing more than a speculative and hypothetical risk of future harm and injuries that are entirely unconnected to the criminal cyberattack.

### 2.    *All Plaintiffs Fail to State a Single Cognizable Claim*

Plaintiffs' Consolidated Complaint also fails for the independent reason that Plaintiffs have failed to state a single viable cause of action. As set forth more fully in the Motion to Dismiss, Plaintiffs' Consolidated Complaint is the quintessential shotgun pleading and falls far short of adequately alleging the elements required to prevail on the claims they assert. As just a few examples:

- Plaintiffs' Implied Covenant of Good Faith and Fair Dealing (Count I) and Breach of Implied Contract (Count IV) claims fail because (1) Plaintiffs do not allege a meeting of the minds as to any data security standards  (2) Plaintiffs cannot show that any actual monetary damages resulted from the alleged breach of any contract, and (3) without a contract there is no implied covenant of good faith and fair dealing. *See* ECF No. 61

at Argument Sections II.B, II.E.

- Plaintiffs' state statutory claims must also be dismissed (Counts II and III). Plaintiffs fail to state a claim for a violation of any of the 14 state consumer protection statutes alleged in the Consolidated Complaint because, among other reasons, Plaintiffs do not allege any legally cognizable damages or meet Rule 9(b)'s heightened pleading standards, much less *any* unfair, deceptive, or misleading conduct. With respect to the California Confidentiality of Medical Information Act, only one Plaintiff even resides in California (and therefore is the only one who could bring such a claim), and that Plaintiff has not alleged an intentional disclosure of medical information (a necessary element of the claim) or that his medical records were, in fact, viewed by an unauthorized individual. *See* ECF No. 61 at Argument Section II.C-II.D.

- Plaintiffs' negligence claim (Count V) fails for multiple reasons, including: (1) the vast majority of the applicable states do not recognize a common law duty to safeguard information; (2) Plaintiffs have not alleged that any injuries were proximately caused by the security incident; (3) Plaintiffs' remaining listing of hypothetical injuries do not come close to showing a legally cognizable negligence injury; and (4) the economic loss rule bars Plaintiffs' negligence claims. *See* ECF No. 61 at Argument Section II.F.

- Plaintiffs' claim for invasion of privacy by public disclosure of private facts (Count VI) fails because that claim applies only where the defendant itself publicizes the private information at issue. Plaintiffs do not allege that their private information was publicized and, even if they had, any publication would have been done by the third-party criminal hackers, not by Defendants. *See* ECF No. 61 at Argument Section II.G.

- Plaintiffs' claim for breach of the fiduciary duty of confidentiality (Count VII) fails

8

- because the mere provision of personal information to another does not create a fiduciary duty.  *See* ECF No. 61 at Argument Section II.H.

- Plaintiffs' claim for negligent training and supervision (Count VIII) fails for the same reasons as Plaintiffs' negligence claim, but also because Plaintiffs do not allege that any of Defendants' employees acted outside of the scope of their employment or otherwise committed a tort.  *See* ECF No. 61 at Argument Section II.I.

- Finally, Plaintiffs' negligence per se claim (Count IX) fails because several states do not recognize negligence per se as a cause of action and others that do have held that HIPAA and HITECH, which do not contain private rights of action, cannot form the basis of a negligence per se claim.  *See* ECF No. 61 at Argument Section II.J.

As set forth above (and in much greater detail in Defendants' Motion to Dismiss), the dispositive motion is both "clearly meritorious and truly case dispositive" because Defendants "raised multiple arguments that, if adopted by the Court, would dispose of the entire action" and the same or similar arguments have resulted in "the dismissal of nearly identical suits."  *See Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, at *1-2 (S.D. Fla. July 8, 2021).  A stay of discovery is proper to avoid needlessly burdening the time and resources of the parties.

      **B.**    **Staying Discovery Causes No Harm to Plaintiffs but Will Prevent Significant Undue Burden on Defendants.**

A stay is also warranted because the burden on Defendants to respond to Plaintiffs' discovery far outweighs any risk of potential harm to Plaintiffs caused by a short delay pending resolution of Defendants' Motion to Dismiss.  *See Taylor*, 2020 WL 6118779, at *1 (court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery").

Complex cases, such as this one, are particularly apt to be stayed because discovery "has

the potential to consume vast resources." *In re Managed Care Litig.*, No. 1334, 00-1134-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001). Time and again, this Court has concluded that preservation of resources warrants a brief stay of discovery where a dispositive motion has the potential to limit the claims. *See Lewis*, 2020 WL 4923640, at *4 (granting motion to stay discovery because defendants "should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court" and recognizing that staying discovery will "prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiffs' claims"); *Taylor*, 2020 WL 6118779, at *4 (same); *Gibson v. Lynn Univ., Inc.*, 2020 WL 6700448, at *2 (S.D. Fla. Oct. 29, 2020) (Ruiz, J.) (granting a motion to stay "having balanced the minimal harm produced by a brief delay in discovery in this case against the possibility that the Motion to Dismiss will be granted and eliminate the need for discovery"); *Point Conversions, LLC v. Lopane*, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (Ruiz, J.) (granting a motion to stay because defendant raised "serious questions regarding the viability of Plaintiff's Complaint that must be resolved before Defendant is burdened with discovery and other pretrial obligations").

Plaintiffs assert nine causes of action (one of which alleges the violation of 14 separate state statutes) against Defendants on behalf 13 potential classes/subclasses. The burden of responding to discovery requests on each of these claims overwhelmingly and disproportionately falls on Defendants, as moving forward with discovery will require a significant expenditure by Defendants to collect, review, and produce large amounts of electronic data. If discovery is not stayed, Defendants will also need to move forward with preparing interrogatories and requests for production for each of the named Plaintiffs and taking their depositions. If some, or all, of those Plaintiffs are found not to have Article III standing, the costs Defendants will incur propounding

10

this discovery would be meaningless. Finally, the Court would also be burdened if discovery is not stayed, as it would be required to devote its judicial resources to addressing discovery issues in a case that may ultimately be found to assert no viable claims.

On the other hand, Plaintiffs will suffer no harm if discovery is stayed. For one, the stay of discovery will not prejudice Plaintiff because, even assuming the case proceeds after the motion to dismiss, "Plaintiff[s] will have ample opportunity to conduct discovery." *See Goldstein*, 2021 WL 2827757, at *2. Moreover, any stay of discovery is likely to be brief, as the Court indicated at the initial status conference that it intends to rule promptly on Defendants' Motion to Dismiss. Finally, if Defendants' Motion to Dismiss is granted, Plaintiffs will also benefit from a stay of discovery, since they will avoid time, effort, and costs associated with conducting discovery in a case that asserts no viable claim.

### III. CONCLUSION

For the reasons set forth above, the Court should stay discovery until the resolution of Defendants' Motion to Dismiss.

Dated: September 20, 2021

*/s/ Kristine McAlister Brown*
Kristine McAlister Brown
Florida Bar No. 443640
Gavin Reinke
M. Ashley Miller
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com
gavin.reinke@alston.com
ashley.miller@alston.com

Martin B. Goldberg
Florida Bar No. 827029
LASH & GOLDBERG LLP
Miami Tower

100 SE 2nd Street, Suite 1200
Miami, FL 33131-2158
Phone: (305) 347-4040
Fax: (305) 347-3050
mgoldberg@lashgoldberg.com

*Attorneys for Defendants Mednax, Inc.; Mednax Services, Inc.; Pediatrix Medical Group; and Pediatrix Medical Group of Kansas, P.C.*

*/s/ Lee E. Bains, Jr.*
Lee E. Bains, Jr.
Thomas J. Butler
Caleb C. Wolanek
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Phone: (205) 254-1000
Fax: (205) 254-1999
lbains@maynardcooper.com
tbutler@maynardcooper.com
cwolanek@maynardcooper.com

*Attorneys for Defendant American Anesthesiology, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                             */s/ Kristine McAlister Brown*
                                             Kristine McAlister Brown
                                             Florida Bar No. 443640