UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-02994-RAR

In re:

**MEDNAX SERVICES, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**

_____/

This Document Relates to All Actions

### ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

**THIS CAUSE** comes before the Court on Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint [ECF No. 62] ("Motion"), filed on September 20, 2021.  Having reviewed the Motion, as well as Plaintiffs' Response in Opposition [ECF No. 64] ("Response") and Defendants' Reply in Support of the Motion [ECF No. 67] ("Reply"), and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Stay Discovery [ECF No. 62] is **GRANTED** as set forth herein.

### BACKGROUND

This multi-district class action suit stems from a healthcare data breach in which information stored by Defendants—health care providers Mednax, Pediatrix, and American Anesthesiology, Inc.—was accessed by a third party.  MDL Amended Compl. [ECF No. 53] at 3. The third-party obtained personal health information of nearly 1.3 million patients, including "names of the patients and their parents or guardians, addresses, email addresses, dates of birth, health insurance information, treatment dates and locations, treatment information, diagnoses, prescription drug information, and billing information."  *Id*.  Plaintiffs, whose minor children's information was purportedly among the data obtained by the third-party infiltrators, have brought

Page **1** of **7**

this suit alleging that Defendants failed to properly secure said information. *Id.* ¶ 1. Further, they allege that Defendants' response to the healthcare data breach resulted in additional harm to Plaintiffs and their minor children. *Id.* ¶¶ 393-401.

Based on the foregoing allegations, Plaintiffs set forth nine counts, including breach of implied covenant, violations of state and consumer laws, breach of implied contract, negligence, negligence *per se*, invasions of privacy, breach of fiduciary duty, and negligent training and supervision. In their Motion, Defendants have moved for a temporary stay of discovery pending this Court's ruling on their Motion to Dismiss [ECF No. 61] ("MTD").[1]

## **ANALYSIS**

District courts enjoy broad discretion in deciding how to best manage the cases before them. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Defendants urge the Court to exercise its discretion and stay discovery pending resolution of their Motion to Dismiss. *See In re Winn Dixie Stores, Inc. v. ERISA Litigation*, No. 3:4-cv194-J-33-MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007) (explaining motions to stay discovery may be granted pursuant to Rule 26(c), provided the moving party demonstrates a showing of good cause and reasonableness). "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8L09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (citation omitted). This necessarily entails taking a "preliminary peak at the merits of the

---

[1] The Motion to Dismiss relates to Plaintiffs' Amended Complaint [ECF No. 53]. On September 21, 2021, Plaintiffs filed a Notice [ECF No. 63] indicating their intention to file a Second Amended Complaint. As Plaintiffs have yet to file their Second Amended Complaint, Plaintiffs' Amended Complaint [ECF No. 53] and Defendants' Motion to Dismiss [ECF No. 61] are the operative pleadings for purposes of this Order.

dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (internal quotations and citations omitted); *see also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (holding "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."); *Nankvil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (noting "courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action") (internal quotations and citations omitted).

Here, a "preliminary peek" of the pending Motion to Dismiss reveals that Defendants have challenged Plaintiffs' Article III standing and, therefore, maintain that this Court lacks subject-matter jurisdiction under Rule 12(b)(1). *See* MTD at 4-17. Specifically, significant questions exist regarding Article III's injury-in-fact and traceability requirement. *Id.* at 11-17. Further, Defendants have challenged the viability of all nine counts on substantive grounds pursuant to Rule 12(b)(6). *Id.* at 22-50. Indeed, notable pleading deficiencies have been raised regarding Plaintiffs' claims for breach of implied contract, negligence, invasion of privacy, breach of fiduciary duty, negligent training, negligence *per se*, and state law claims. *Id.*; *see also* Reply at 3. Thus, if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery. *See Lewis v. Mercedes-Benz, USA, LLC*, No. 19-81220, 2020 WL 4923640, at *2 (S.D. Fla. Mar. 25, 2020).

Plaintiffs principally argue that Defendants' Motion does not establish that commencing discovery at this juncture would lead to undue burdensomeness. *See* Resp. at 4-7. The Court disagrees. Defendants have identified—in a specific and tangible way—the unreasonable discovery burdens they will face absent a stay. *See* Mot. at 9-11. As Defendants note in their Motion, this cause of action alleges nine counts, including violations of fourteen separate state

statutes, on behalf of thirteen potential classes/subclasses. *Id.* at 10. If discovery is permitted to move forward, Defendants could be tasked with responding to discovery requests on each of the aforementioned claims, which would undoubtedly require significant expenditure by Defendants to "collect, review, and produce large amounts of electronic data." *Id.* The complexity of this action supports granting a discovery stay because discovery in complex class actions "has the potential to consume vast resources." *In re Managed Care Litig.*, No. 1334, 00-1134-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001).

Plaintiffs further respond that a stay of discovery is unwarranted because their Amended Complaint could ultimately survive Defendants' challenges to standing. *See* Resp. at 8-15. But while the Court may ultimately find that Plaintiffs have Article III standing, facial challenges should be resolved *before* discovery to conserve the resources of the Court, counsel, and all parties. *See Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997). As explained by the Eleventh Circuit,

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Id.* at 1367 (footnote and citation omitted); *see also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting the importance of resolving facial challenges before discovery begins, "especially when the challenged claim will significantly expand the scope of allowable discovery.") (citing *Chudasama*, 123 F.3d at 1368); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (same). Moreover, it is well established that threshold issues related to standing are case dispositive and constitute a facial challenge properly resolved before discovery. *See, e.g., Taylor v. Serv. Corp. Int'l*, No. 20-60709, 2020 WL 6118779, at *2 (S.D. Fla. Oct. 16,

2020); *Dayem on behalf of Dayem v. Chavez*, No. 13-62405, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014); *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010).

Plaintiffs accuse Defendants of attempting to "expand the holding in *Chudasama*." Resp. at 2. However, this allegation is misplaced. The Court notes that *Chudasama* "does not indicate a broad rule that discovery should be deferred or stayed whenever there is a pending motion that is potentially dispositive." *Mimbs v. J.A. Cambece Law Office, P.C.*, No. 12-62200, 2013 WL 11982063, at *1 (S.D. Fla. June 13, 2013); *see also Miller's Ale House, Inc. v. DCCM Restaurant Group, LLC*, No. 6:15-cv-1109-Orl-22TBS, 2015 WL 6123984, at *2 (M.D. Fla. Oct. 16, 2015) (noting *Chudasama* and its progeny "stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.") (internal quotations and citations omitted). But when faced with legitimate jurisdictional and standing challenges like those present in Defendants' Motion to Dismiss, discovery should not commence until such challenges are resolved. *See, e.g., Gillier v. Servicios Agecom, LLC*, No. 17-23155, 2017 WL 6994217, at *3-5 (S.D. Fla. Nov. 27, 2017) (entering brief stay of discovery given "strong likelihood" that motion to dismiss based in part on lack of jurisdiction would be granted, in which case "proceeding in this forum . . . would be improper."); *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (staying merits-based discovery given Defendants' motion to dismiss for lack of jurisdiction); *Latell v. Triano*, No. 13-CV-565, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) (granting temporary stay due to pending motions challenging "personal jurisdiction, standing, and the legal sufficiency of the amended complaint").

In addition to jurisdictional challenges, the legal deficiencies asserted in Defendants' Motion to Dismiss also support the entry of a temporary stay. For example, Defendants argue the

defectiveness of all of Plaintiffs' claims under state law.[2] *See* MTD at 22-50; *see also* Exhibit A to MTD [ECF No. 61-1].  Addressing these types of facial challenges before permitting discovery lessens unnecessary costs, especially since a ruling on legal sufficiency in this case may "alter the geographic scope of the class, thereby limiting the corresponding scope of discovery[.]" *Lewis*, 2020 WL 4923640 at *3; *see also Khan v. Bankunited, Inc.*, No. 15-CV-2632-T-23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) ("While discovery generally should not be stayed pending resolution of a motion to dismiss, a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size.").

In sum, given the presence of jurisdictional and facial challenges to all of Plaintiffs' claims, a temporary stay of discovery is warranted to save counsel, the parties, and the Court significant time and effort.  *See James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (affirming stay of discovery until ruling on "motions to dismiss, especially in light of the fact the Plaintiffs' fraud-based claims would have substantially enlarged the scope of discovery and were largely unpersuasive."); *Chevaldina v. Katz*, No. 17-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law[,]" including lack of jurisdiction).

## CONCLUSION

"Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (citing *McCabe*, 233 F.R.D. at 685).  Here, Defendants

---

[2] In analyzing Defendants' pending Motion to Dismiss, the Court does not offer any substantive opinion on the merits of said Motion.  Instead, the Court has only taken a "preliminary peek" to determine whether Defendants' Motion to Dismiss is meritorious and may be case dispositive.

have met their burden, and should not be forced to expend substantial resources responding to discovery given the jurisdictional and facial challenges pending before the Court. Temporarily staying discovery at this juncture will not create case management obstacles nor delay the prosecution of this case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiffs' claims—which the Court will accomplish in due course once the Second Amended Complaint and renewed Motion to Dismiss are filed. Accordingly, based upon the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint [ECF No. 62] is **GRANTED**.

2. The existing stay of discovery imposed by the Court in Pretrial Order No. 1, [ECF No. 12] at 4, is hereby extended until the Court enters a ruling on Defendants' forthcoming joint motion to dismiss, due December 6, 2021. Third Scheduling Order [ECF No. 69].

3. Counsel shall submit a Conference Report as required by Local Rule 16.1(b)(2) by **October 22, 2020**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of October, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**