# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.: 0:21-md-02994-RAR

In re:

**MEDNAX SERVICES, INC.,**
**CUSTOMER DATA SECURITY BREACH LITIGATION**

_____/

This Document Relates to All Actions

**DEFENDANTS MEDNAX SERVICES, INC., MEDNAX, INC., PEDIATRIX MEDICAL GROUP, AND PEDIATRIX MEDICAL GROUP OF KANSAS, P.C. RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of the United States District Court for the Southern District of Florida, Defendants Mednax Services, Inc., Mednax Inc., Pediatrix Medical Group,[1] and Pediatrix Medical Group of Kansas, P.C. (collectively, "Mednax") hereby provide these responses and objections to the Plaintiffs' First Set of Requests for Production of Documents.

## PRELIMINARY STATEMENT

The fact that Mednax has responded to a Request is not intended to be and shall not be construed as a waiver of all or part of any objection to any Request. By making these responses, Mednax does not concede that the information sought is relevant to any party's claim or defense or proportional to the needs of the case. The objections set forth below are intended to apply to all information provided in response to the Request.

---

[1] Pediatrix Medical Group is named as a Defendant in several of the individual actions that have been consolidated into this MDL but is not a legal entity. Mednax therefore objects to producing documents on behalf of Pediatrix Medical Group.

Mednax's responses are made without waiving in any way (i) the right to object on any basis permitted by law to the use of any information provided in the responses for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or (ii) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of Mednax's responses.

Mednax does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion, assumption, characterization or implication contained in the Requests, and does not consent to production in the format demanded by Plaintiffs in the Requests. Instead, Mednax will produce documents electronically in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, the orders of this Court (including the Order Governing Production of Electronically Stored Information and Paper Documents entered by the Court on August 19, 2021, ECF No. 56 (hereinafter, the "ESI Order")), or in a manner mutually agreed to by the parties.

Any response by Mednax that it will search for or produce documents sought by a particular Request does not constitute an admission that it actually possesses the documents requested or that any such documents exist.

## **DEFINITIONS**

For purposes of these Responses, the term "Cyberattack" shall mean the unauthorized activity in certain Microsoft Office365-hosted email accounts publicly disclosed by Mednax in December 2020.

## **GENERAL OBJECTIONS**

The following General Objections apply to, and are incorporated by reference in, each response to Plaintiffs' Requests as if fully set forth therein. Mednax's specific objections to each

Request are not intended to preclude, override, or withdraw any of the General Objections to that Request.

1.      Mednax has conducted a diligent search and reasonable inquiry in order to respond to Plaintiffs' Requests but has not completed its investigation of the facts of this case, discovery in this action, or its preparation for trial, and fact discovery is ongoing.  Any responses to these Requests are based on information known to Mednax or readily obtained after a reasonable and diligent investigation and search of reasonably accessible sources.  Mednax reserves the right to amend, modify, and supplement these responses and to produce and introduce at trial additional responsive information that may be discovered in the future.

2.      Mednax objects generally to these Requests to the extent they seek information and/or documents that are not within Mednax's knowledge, possession, custody, or control.

3.      Mednax objects generally to the Requests to the extent they seek information protected by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which information will be withheld.  Nothing contained in these responses is intended to be, nor shall in any way be, construed as a waiver of any privilege or immunity.

4.      Mednax objects generally to the Requests to the extent they seek confidential, commercially sensitive, competitively sensitive, proprietary, or trade secret materials, or personal information relating to Mednax, its affiliates, employees and/or clients, customers or counterparties, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.  Any such information that is responsive, non-privileged, and otherwise non-objectionable will be provided in accordance with the Stipulated Protective Order entered on August 19, 2021, ECF No. 55.

5.     Any response to a particular Request does not indicate and should not be construed as an agreement by Mednax as to the truth or accuracy of any of Plaintiffs' characterizations of fact or law.

6.     Mednax objects generally to the Requests to the extent that they seek to impose burdens or obligations that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida.

7.     Mednax objects generally to the definition of "IDENTIFY" on the grounds that the instructions to provide "the person's full name (or as much of their name as is possible), and last known mailing address, work address, and phone number" and address, telephone number, and "any persons YOU are aware of who acted on behalf of that corporation or business entity with respect to the events at issue" are overly broad and unduly burdensome.  To the extent that Plaintiffs request identification of relevant documents, Mednax reserves the right to produce documents rather than "identifying" them as that term is defined in the Requests.  With regard to a "COMMUNICATION," Mednax objects on the grounds that the instructions to provide "the name and title of all persons present at the time of the COMMUNICATION, the method of COMMUNICATION used, and to IDENTIFY all DOCUMENTS recording or summarizing the COMMUNICATION" is overly broad, unduly burdensome, and attempts to impose obligations on Mednax that are broader than those required by the Federal Rules of Civil Procedure, which permit Mednax to respond to these Requests by producing documents as they are kept in the usual course of business.

8.     Mednax objects generally to the definition of the terms "DOCUMENT" or "DOCUMENTS" as vague and ambiguous because that term is not defined in Fed. R. Evid. 1001.

9.    Mednax objects generally to the definition of the terms "ESI" or "ELECTRONICALLY STORED INFORMATION" or "ELECTRONIC DATA" to the extent these terms are broader than or inconsistent with the ESI Protocol Order entered by the Court on August 19, 2021, ECF No. 56.

10.   Mednax objects generally to the definition of the terms "Mednax," "YOU," and "YOUR" to the extent that they purport to include trustees, agents, paid consultants, predecessors, successors, parents, subsidiaries, divisions, franchises, or affiliates.  For purposes of its responses, Mednax construes the term "Mednax" to mean Mednax Services, Inc., Mednax Inc., and Pediatrix Medical Group of Kansas, P.C.

11.   Mednax objects generally to the definition of "Personally Identifiable Information, "PII," "Protected Health Information," or "PHI" on the grounds that they are legal terms of art. For purposes of its responses, Mednax construes the terms to have the same meaning as in applicable state or federal statutes or regulations.

12.   Mednax objects generally to the "INSTRUCTIONS" to the extent they seek to impose burdens or obligations that are broader than, inconsistent with, not authorized by, or otherwise impermissible under or inconsistent with the ESI Order entered by the Court on August 19, 2021, ECF No. 56 or the Stipulated Protective Order entered on August 19, 2021, ECF No. 55. Mednax will produce documents in accordance with the ESI Order and the Stipulated Protective Order.

13.   Mednax objects to Instruction No. 2 on the grounds that the phrase "this period" in the first sentence is vague and ambiguous, as the Instruction does not refer to any time period. Mednax also objects to Instruction No. 2 to the extent it seeks to impose burdens or obligations that are broader than, inconsistent with, not authorized by, or otherwise impermissible under or

inconsistent with the ESI Order entered by the Court on August 19, 2021, ECF No. 56 or the Stipulated Protective Order entered on August 19, 2021, ECF No. 55.

14.     Mednax objects to Instruction No. 3 to the extent that it seeks to impose burdens or obligations on Mednax that exceed those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court, including without limitation to the extent it purports to set a deadline by which to supplement document requests.

15.     Mednax objects to Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, seeks information not relevant to any party's claims or defense, and is not proportionate to the needs of the case to the extent it purports to require Mednax to produce "manuals and all other Documents sufficient to operate, display, read, and interpret the programs, DOCUMENTS, or data."  Mednax is willing to meet and confer with Plaintiffs if Plaintiffs lack the technical ability to view electronic documents produced in response to these Requests.

16.     Mednax objects to Instruction No. 9 to the extent it is inconsistent with the ESI Order entered in this case.  Mednax will produce documents in accordance with the ESI Order entered by the Court.

17.     Mednax objects to Instruction No. 10 as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case to the extent it purports to require Mednax to search for and produce documents that are not responsive to Plaintiffs' requests and to the extent it is inconsistent with the ESI Order entered in this case.

18.     Mednax objects to Instructions No. 13 and 17 as overly broad, unduly burdensome, and on the grounds that they attempt to impose obligations on Mednax that are broader than those

required by the Federal Rules of Civil Procedure, which permit Mednax to respond to these Requests by producing documents as they are kept in the usual course of business.

19.      Mednax objects to Instruction No. 14 to the extent it is inconsistent with the ESI Order entered in this case.  Mednax will produce documents in accordance with the ESI Order entered by the Court.

20.      Mednax objects to Instruction No. 20 and 21 to the extent they are inconsistent with the Federal Rules of Civil Procedure, the ESI Order, or the Stipulated Protective Order.  Mednax will prepare a privilege log and will produce documents in accordance with the ESI Order.

21.      Mednax objects to producing documents or providing information for the period of January 1, 2018, to the present on the grounds that it is overbroad, unduly burdensome, and inconsistent with the proportionality requirements of Federal Rule of Civil Procedure 26.  For purposes of these responses and objections, Mednax will define the end date of the Relevant Time Period as December 22, 2020 and will agree to meet and confer with Plaintiffs to discuss an agreeable start date.

**RESPONSES AND OBJECTIONS TO DOCUMENT PRODUCTION REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS concerning YOUR investigations, whether conducted by YOU or any third party engaged or directed by YOU, regarding the DATA BREACH, including any DOCUMENTS collected or prepared as a result of those investigations and all reports of findings from such investigations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also

objects to the extent this Request seeks documents outside of Mednax's possession, custody, or control.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents related to its investigation into the Cyberattack and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS regarding the source, cause, mode, or mechanism of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  In addition, Mednax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "source, cause, mode, or mechanism of the DATA BREACH."

Subject to and without waiving the foregoing objections, Mednax will produce non-privileged documents sufficient to show the mechanism by which the Cyberattack was perpetrated.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS regarding YOUR response to the DATA BREACH, including any consideration of, or recommendations for, improvements or modifications to DATA SECURITY as a result of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any

other privilege, immunity, or protection from disclosure, which will be withheld.  In addition, Mednax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrases "response" and "consideration of, or recommendations for, improvements or modifications to DATA SECURITY."  Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks documents regarding consideration of, recommendations for, improvements to, or modifications to Mednax's data security after the Cyberattack was remediated because it purports to require the production of significant volumes of data with limited, if any, relevance to Plaintiffs' claims and is otherwise inadmissible evidence.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents related to Mednax's response to the Cyberattack and will produce non-privileged documents identified by that search.

## REQUEST FOR PRODUCTION NO. 4

All DOCUMENTS sufficient to determine the scope of the DATA BREACH, including the data maintained within YOUR data systems that was or could have been impacted by the DATA BREACH (including the number of individuals whose PII and PHI was potentially impacted, the location of those individuals, what information was potentially compromised, whether the potentially compromised information differed between affected individuals, and whether the potentially compromised information was encrypted or redacted).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  In addition, Mednax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "scope of the DATA BREACH."  Mednax also objects to this Request as overly broad,

unduly burdensome, and not proportionate to the needs of the case to the extent that it purports to require Mednax to provide individualized information about the location of the individuals whose information was potentially accessed in the Cyberattack and the information for those individuals that was potentially accessed. Mednax also objects to this Request on the grounds that the phrase "data systems" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents sufficient to show the systems potentially impacted by the Cyberattack, the number of United States individuals whose PII was potentially impacted by the Cyberattack and who were notified via written or substitute notice, the categories of information that was potentially impacted by the Cyberattack, and whether the information in the systems potentially impacted by the Cyberattack was encrypted or redacted, and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS regarding and evidencing YOUR policies, practices, and procedures for preventing, investigating, and responding to DATA SECURITY INCIDENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks "policies, practices, and procedures for preventing, investigating, and responding to DATA SECURITY INCIDENTS" regardless of whether such

information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.  Mednax also objects to this request as "policies, practices, and procedures" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will produce its written policies and procedures that pertain to preventing, investigating, and responding to phishing attacks.

## REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS (including internal policies and procedures) concerning any security concerns, complaints, reports, or flaws with respect to DATA SECURITY, and YOUR response to or disposition of those concerns, complaints, reports, or flaws.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  In addition, Mednax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "security concerns, complaints, reports, or flaws."  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case to the extent it seeks all documents relating to any "security concerns, complaints, reports, or flaws with respect to DATA SECURITY," regardless of whether such information relates to, Mednax's Microsoft Office 365 environment, which is the only environment at issue in this case, or a successful phishing attack involving the access to or exfiltration of protected health information or personally

identifiable information, which is the only kind of cyberattack at issue in this case.  Mednax also objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it purports to require Mednax to produce documents concerning attempted cybersecurity incidents regardless of whether such incidents resulted in the actual unauthorized access to or exfiltration of information from Mednax's systems.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents relating to successful phishing attacks for which Mednax made the determination that PHI or PII was accessed or exfiltrated from Mednax's Microsoft Office365 environment, beginning on a mutually agreed upon start date and continuing through December 22, 2020, and will produce non-privileged documents identified by that search.

## REQUEST FOR PRODUCTION NO. 7

All DOCUMENTS sufficient to identify the manner in which YOU or any third party process, store, access, or utilize the patient PII and PHI you collect including DOCUMENTS concerning how YOUR computer systems, DATABASES, online portals, and email accounts are protected against possible breaches by unauthorized persons.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case because the manner in which Mednax processes, stores, accesses, or utilizes the patient PII and PHI it collects is not relevant to any party's claims or defenses.  Moreover, Mednax objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case to the extent it seeks "all documents" related to how Mednax processes, stores, accesses, or utilizes patient PII or PHI, regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case. Mednax also objects to this Request on the grounds that it is vague and ambiguous because it includes examples that are not within the bounds of the text of the Request itself. For example, the Request seeks "DOCUMENTS concerning how Mednax's computer systems, DATABASES, online portals, and email accounts are protected against possible breaches by unauthorized persons," which is not encompassed by Plaintiffs' request for "[a]ll DOCUMENTS sufficient to IDENTIFY the manner in which [Mednax] process[es], store[s], access[es], or utilize[s] the PII [it] collects." Mednax further objects to the extent this Request seeks documents outside Mednax's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 8

All DOCUMENTS concerning any firewalls, detection processes (including detection of intrusions and malware), logs, endpoint protection, data loss prevention, or prevention devices or software, including file integrity monitoring systems and policies, vulnerability management systems and policies, and audit log management used by YOU (or any person acting on YOUR behalf) to protect or otherwise segregate from the general internet any computer systems used to process or store the PII and PHI you collect and maintain, including the PII and PHI of patients.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks

information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case to the extent it seeks documents "concerning any firewalls, detection processes (including detection of intrusions and malware), logs, endpoint protection, data loss prevention, or prevention devices or software, including file integrity monitoring systems and policies, vulnerability management systems and policies, and audit log management," regardless of whether such documents relate to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the documents relate to a phishing attack, which is the only kind of cyberattack at issue in this case.

Subject to and without waiving the foregoing objections, Mednax will produce documents sufficient to show the systems that Mednax has implemented to protect its Microsoft Office 365 environment from a phishing attack.

## REQUEST FOR PRODUCTION NO. 9

All DOCUMENTS written by, or at the direction of, or received by, YOU relating to any test, inspection evaluation, analysis, or report concerning the safety, security, or vulnerability of, or intrusion in, any computer system, DATABASE, online portal, or email account that stores, accesses, processes, or transmits PII and PHI.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case to the extent it seeks documents "relating to any test, inspection evaluation, analysis, or report concerning the safety, security, or vulnerability of, or intrusion in, any computer

14

system, DATABASE, online portal, or email account that stores, accesses, processes, or transmits PII and PHI," regardless of whether such documents relate to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the documents relate to a phishing attack, which is the only kind of cyberattack at issue in this case.

## REQUEST FOR PRODUCTION NO. 10

All DOCUMENTS concerning forensic images of any servers, networks, DATABASES, online portals, email accounts, or other computer systems, accessed or implicated in the DATA BREACH, including all transactional logs, access logs, and security and authentication logs, and forensic reports.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request as vague and ambiguous because it includes examples that are not within the bounds of the text of the Request itself, including transactional logs, access logs, security and authentication logs, and forensic reports. Mednax also objects to this Request on the grounds that it is overly broad, seeks information not relevant to any party's claims or defenses, and is not proportionate to the needs of the case because it seeks documents that do not relate to Mednax's Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the documents relate to a phishing attack, which is the only kind of cyberattack at issue in this case. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information not relevant to any party's claims or defenses, and is not proportionate to the needs of the case because it seeks full forensic images of email

15

accounts implicated in the Cyberattack, regardless of whether the information in those forensic images is related in any way to any party's claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS sufficient to identify the duration of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "duration of the DATA BREACH."

Subject to and without waiving the foregoing objections, Mednax will produce documents sufficient to show the length of time for which there is evidence that the criminal actors who perpetrated the Cyberattack had access to the impacted e-mail accounts.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS sufficient to identify the date and manner by which YOU first became aware of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Mednax incorporates by reference its General Objections.

Subject to and without waiving those objections, Mednax will produce documents sufficient to show how and when it discovered the Cyberattack.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS regarding or evidencing any DATA SECURITY INCIDENT that occurred from January 1, 2015 to present (other than the DATA BREACH).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client

privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case because it seeks information about any other "data breach or threat of data breach" that Mednax faced over a more than seven-year period regardless of whether such information relates to Mednax's Microsoft Office 365 environment, which is the only environment at issue in this case, or a phishing attack involving the access to or exfiltration of protected health information or personally identifiable information, which is the only kind of cyberattack at issue in this case. Mednax objects to producing information that does not relate to phishing attacks for which Mednax made the determination that PHI or PII was accessed or exfiltrated from Mednax's Microsoft Office365 environment.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it purports to seek documents that predate the Cyberattack by more than five years.  Mednax also objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it purports to require Mednax to produce documents concerning attempted cybersecurity incidents regardless of whether such incidents resulted in the actual unauthorized access to or exfiltration of information from Mednax's systems.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents relating to phishing attacks for which Mednax made the determination that PHI or PII was accessed or exfiltrated from Mednax's Microsoft Office365 environment,

beginning on a mutually agreed upon start date and continuing through December 22, 2020, and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS regarding and evidencing any identity theft or fraudulent activity resulting from the DATA BREACH obtained or received by YOU from any source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents concerning whether individuals whose information was impacted by the Cyberattack have been the target of fraud or identity theft as a result of the Cyberattack and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS regarding any assessment, evaluation, or estimate of the cost in dollars attributable to any actual or future fraudulent transactions resulting from the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case because any assessments,

evaluations, or estimates Mednax performed or obtained regarding the cost attributable to any actual or future fraudulent transactions resulting from the Cyberattack have no bearing on any party's claims or defenses. Mednax also objects to this Request on the grounds that it is vague and ambiguous, as it is unclear whether the Request seeks information about costs incurred by Mednax or costs incurred by third parties.

## REQUEST FOR PRODUCTION NO. 16

All DOCUMENTS regarding and evidencing any remedies YOU considered offering or actually did offer to any individual potentially affected by the DATA BREACH.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. In addition, Mednax objects to this Request on the grounds that the phrase "remedies" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents regarding the commercial credit monitoring or identity theft protection products Mednax offered to certain individuals whose information was impacted by the Cyberattack, and will produce non-privileged documents identified by that search.

## REQUEST FOR PRODUCTION NO. 17

All DOCUMENTS regarding or evidencing DATA SECURITY training materials that YOU disseminated, or that were disseminated on YOUR behalf, to YOUR EMPLOYEES, contractors, agents, vendors, developers, or service providers, including manuals, handbooks, instructions, memoranda, training videos or websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case to the extent it seeks training materials that Mednax disseminated to "contractors, agents, vendors, developers, or service providers," as the Complaint does not allege that any contractors, agents, vendors, developers, or service providers played any role in the Cyberattack.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case to the extent it seeks "all documents" related to data security training, regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents related to training that Mednax provides to its employees regarding phishing attacks, and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 18**

All COMMUNICATIONS, memoranda, executive summaries, analyses, and reports written by, or at the direction of, or received by, YOUR senior managers or executives concerning YOUR quality assurance program for ensuring companywide compliance with YOUR DATA SECURITY policies, procedures, and practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks "all communications" regarding compliance with data security policies, procedures, and practices, regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.   Mednax also objects to this Request because "senior managers" and "quality assurance program" are vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS written by, at the direction of, or received by YOU concerning YOUR decision(s) whether or not to make expenditures or allocations or implement upgrades to ensure the security of PII and PHI, including any related requests for capital expenditure, annual or other budget submissions or authorizations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the

needs of the case to the extent it seeks information regarding expenditures, allocations, or upgrades to the security or PII or PHI regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case. Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks documents regarding Mednax's decisions to make expenditures or allocations or implement changes after the Cyberattack was remediated because it purports to require the production of significant volumes of data with limited, if any, relevance to Plaintiffs' claims and is otherwise inadmissible evidence. Mednax also objects to this Request on the grounds that the term "upgrades" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents related to Mednax's decisions whether or not to make expenditures or allocations or implement changes that relate to the protection of Mednax's Microsoft Office 365 environment from phishing attacks, and will produce non-privileged documents identified by that search.

## REQUEST FOR PRODUCTION NO. 20

All DOCUMENTS regarding internal and external audits, assessments, tests, and investigations of YOUR DATA SECURITY practices from January 1, 2017 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also

objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks all internal and external audits, assessments, tests, and investigations of data security, regardless of whether such information relates to Mednax's Microsoft Office 365 environment, which is the only environment at issue in this case, or a successful phishing attack involving the access to or exfiltration of protected health information or personally identifiable information, which is the only kind of cyberattack at issue in this case. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it purports to seek documents that predate the Cyberattack by more than three years.  Mednax also objects to this Request on the grounds that the phrase "DATA SECURITY practices" is vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 21

All DOCUMENTS sufficient to show YOUR organizational structure, including DOCUMENTS regarding your relationship with AA, any parent companies, subsidiaries, and/or affiliates during the Relevant Time Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, seeks information about Mednax's organizational structure that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case.

Subject to and without waiving the foregoing objections, Mednax will produce documents sufficient to show its relationship with AA during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS and communications YOU provided to or received from any governmental or other organization, regulatory or governmental entity regarding the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  In addition, Mednax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "other organization."

Subject to and without waiving the foregoing objections, Mednax will produce its May 4, 2021 and March 4, 2022 responses to the Department of Health & Human Services Office for Civil Rights regarding the Cyberattack.  Mednax will also produce documents and communications it provided to or received from other federal, state, or local governments in connection with the Cyberattack.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS written by, at the direction of, or received by YOU concerning any notifications, warning, or suggestions, whether from internal or external sources, regarding potential or actual vulnerabilities in YOUR DATA SECURITY SYSTEM or process that led, contributed, or may have contributed, to the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  In addition,

Mednax objects to this Request on the grounds that it is vague and ambiguous with respect to the phrase "led, contributed, or may have contributed, to the DATA BREACH" and with respect to the phrase "suggestions."

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents concerning notifications or warnings Mednax received regarding the Cyberattack, and will produce non-privileged documents identified by that search.

## REQUEST FOR PRODUCTION NO. 24

All DOCUMENTS relating to YOUR decision to send notification emails or letters to CLASS MEMBERS and/or any third party (including regulatory agencies) regarding the DATA BREACH, including all COMMUNICATIONS or internal memoranda about this decision.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information not relevant to any party's claims or defenses, and is not proportionate to the needs of the case because Plaintiffs' only claim with respect to Mednax's notice of the Cyberattack is that the notice was allegedly untimely, and documents relating to Mednax's decision to provide notice have nothing to do with whether the notice was timely sent.  Mednax also objects to this Request as unduly burdensome to the extent that it purports to require Mednax to produce each individual notice letter that it sent to individuals whose personal information was potentially implicated in the Cyberattack.

**REQUEST FOR PRODUCTION NO. 25**

ALL DOCUMENTS relating to all drafts of notices, emails, and letters intended for CLASS MEMBERS or third parties (including regulatory agencies) about the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. In addition, Mednax objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and not proportionate to the needs of the case because Plaintiffs' only claim with respect to Mednax's notice of the Cyberattack is that the notice was allegedly untimely, and drafts of notices Mednax sent regarding the data breach have no bearing on whether the notice was timely. Mednax also objects to this Request as unduly burdensome to the extent that it purports to require Mednax to produce each individual notice letter that it sent to individuals whose personal information was potentially implicated in the Cyberattack.

Subject to and without waiving the foregoing objections, Mednax will produce the final form(s) of the notice that it sent to individuals whose personal information was potentially implicated in the Cyberattack.

**REQUEST FOR PRODUCTION NO. 26**

ALL DOCUMENTS relating to all press releases or public statements issued about the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.

Subject to and without waiving the foregoing objections, Mednax will produce the press releases and public statements that it issued about the Cyberattack.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS relating to statements, scripts or FAQs (frequently asked questions) drafted to provide information to CLASS MEMBERS or third parties (including regulatory agencies) regarding the Data Breach.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to the term "statements" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will produce scripts or FAQs it used to provide information to potentially impacted individuals concerning the Cyberattack.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS regarding YOUR assessment, evaluation, knowledge or estimate of the number of CLASS MEMBERS who have suffered, or are likely to suffer fraud, identity theft, or other harm as a result of the DATA BREACH.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.

Subject to and without waiving the foregoing objections, Mednax will produce the non-privileged HIPAA risk assessment that it performed after the Cyberattack.

## REQUEST FOR PRODUCTION NO. 29

All DOCUMENTS reflecting YOUR policies and procedures for maintaining the confidentiality and security of CLASS MEMBERS' PII and PHI on YOUR network.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks "all documents" regarding policies and procedures for maintaining confidentiality and security of PII and PHI on Mednax's network, regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.  Mednax also objects to this Request on the grounds that the term "network" is vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 30

All DOCUMENTS reflecting any remedial security measures YOU have taken as a result of the DATA BREACH, including DOCUMENTS regarding YOUR security enhancements efforts and efforts to prevent future intrusions, and the costs of any such security measures and enhancements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks documents regarding consideration of, recommendations for, improvements to, or modifications to Mednax's data security, including associated costs, after the Cyberattack was remediated because it purports to require the production of significant volumes of data with limited, if any, relevance to Plaintiffs' claims and is otherwise inadmissible evidence.

Subject to and without waiving the foregoing objections, Mednax will produce documents sufficient to show the changes that it made to its cybersecurity as a result of the Cyberattack.

## REQUEST FOR PRODUCTION NO. 31

DOCUMENTS relating to YOUR policies and procedures for the maintenance, retention and destruction of PII that you collect and maintain, including the PII and PHI of patients.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. In addition,

Mednax objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent it seeks documents regarding policies and procedures for the maintenance, retention and destruction of information outside the Microsoft Office 365 environment, which is the only environment at issue in this case.

Subject to and without waiving the foregoing objections, Mednax will produce the policies and procedures that relate to the retention of information in its Microsoft Office 365 environment.

**REQUEST FOR PRODUCTION NO. 32**

Each version of privacy policies regarding the security of PII and PHI provided to or by YOU during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Mednax incorporates by reference its General Objections.  Mednax objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case because this case does not involve any claims related to the security of PII or PHI provided by Mednax.  In addition, Mednax objects to this Request because "privacy policies" is overly broad and vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will produce its Notice of Privacy Practices.

**REQUEST FOR PRODUCTION NO. 33**

All DOCUMENTS, including internal presentations, regarding (a) possible cybersecurity threats, (b) YOUR DATA SECURITY, or (c) YOUR information technology infrastructure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client

privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  In addition, Mednax objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case because it purports to require Mednax to produce documents regarding any possible cybersecurity threats and all aspects of Mednax's data security and information technology infrastructure, regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for internal presentations regarding the threat of phishing attacks on Mednax's Microsoft Office 365 environment, and will produce non-privileged documents identified by that search.

## REQUEST FOR PRODUCTION NO. 34

DOCUMENTS sufficient to identify all persons who were responsible for the development and implementation of policies and procedures regarding the protection of PII and PHI, and who employed those individuals.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case to the extent it seeks information about policies and procedures regardless of whether such policies and procedures relate to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the policies and procedures relate to a phishing attack, which

31

is the only kind of cyberattack at issue in this case.   Mednax further objects to this Request because who employed individuals responsible for policies and procedures related to the protection of PII or PHI is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Mednax will produce documents sufficient to show the individual(s) responsible for the development and implementation of policies and procedures regarding the protection of Mednax's Microsoft Office 365 environment from phishing attacks.

**REQUEST FOR PRODUCTION NO. 35**

DOCUMENTS showing YOUR financial budgets, expenditures, allocations and staffing dedicated to DATA SECURITY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Mednax incorporates by reference its General Objections.  In addition, Mednax objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case because it purports to require Mednax to produce documents regarding all financial budgets, expenditures, allocations and staffing dedicated to data security, regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.

**REQUEST FOR PRODUCTION NO. 36**

All insurance policies that relate to YOUR insurance coverage for the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Mednax incorporates by reference its General Objections.

Subject to and without waiving the foregoing objections, Mednax refers Plaintiffs to Mednax's Initial Disclosures served on July 8, 2022.

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS relating to YOUR insurance claims related to the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, the work-product doctrine, the common interest privilege, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case, as whether Mednax has made any insurance claims related to the Cyberattack has nothing to do with whether Mednax is liable to Plaintiffs or to the members of the putative class as a result of the Cyberattack.

**REQUEST FOR PRODUCTION NO. 38**

All DOCUMENTS regarding the costs YOU have incurred as a result of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, the work-product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the

grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case, as the costs that Mednax has incurred as a result of the Cyberattack have nothing to do with whether Mednax is liable to Plaintiffs or to the members of the putative class as a result of the Cyberattack.

**REQUEST FOR PRODUCTION NO. 39**

All DOCUMENTS, including any contracts, for or regarding credit monitoring or identity theft services YOU offered to victims of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it purports to require Mednax to provide the names and contact information for the individuals who signed up for any commercial credit monitoring or identity theft protection products Mednax offered to individuals whose information was impacted by the Cyberattack. Mednax also objects to this Request's use of the term "victims," which is vague and ambiguous.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents regarding the commercial credit monitoring or identity theft protection products Mednax offered to certain individuals whose information was impacted by the Cyberattack, and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to show all CLASS MEMBERS who signed up for any credit monitoring or identity theft services YOU offered to victims of the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it purports to require Mednax to provide the names and contact information for the individuals who signed up for any commercial credit monitoring or identity theft protection products Mednax offered to individuals whose information was impacted by the Cyberattack.

Subject to and without waiving the foregoing objections, Mednax will conduct a reasonable search for documents sufficient to identify the number of individuals who signed up for the commercial credit monitoring or identity theft protection products Mednax offered to certain individuals whose information was impacted by the Cyberattack, and will produce non-privileged documents identified by that search.

**REQUEST FOR PRODUCTION NO. 41**

All contracts or agreements entered between YOU and Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and not proportionate to the needs of the case because the operative Complaint does not include any contractual-based claims against Mednax.  Mednax also objects to this Request on the grounds that the term "agreements" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 42**

All DOCUMENTS and communications regarding YOUR compliance with (or variance from) FTC guidelines establishing reasonable DATA SECURITY practices for businesses, including the guidelines issued by the FTC in 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks information protected by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case in light of the Court's Order granting in part Mednax's motion to dismiss, which held, in relevant part, that Mednax's alleged lack of compliance with the FTC Act cannot constitute negligence per se.  Mednax also objects to this Request as vague and ambiguous because it refers to unspecified and unidentified "FTC guidelines."  Mednax also objects to this Request on the grounds that it calls for a legal conclusion that any FTC guidelines establish "reasonable" data security practices for businesses.  Mednax also objects to this request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it seeks all documents regarding compliance with FTC data security guidelines, regardless of whether such documents relate to Mednax's Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.

**REQUEST FOR PRODUCTION NO. 43**

Any and all indemnity agreements which might cover, address or concern YOUR liability to Plaintiffs regarding the allegations in Plaintiffs' Consolidated Amended Complaint for Damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case, as the existence of an indemnity agreement has nothing to do with whether Mednax is liable to plaintiffs or to the members of the putative class as a result of the Cyberattack.  Mednax also objects to this Request on the grounds that the Consolidated Amended Complaint for Damages is no longer the operative Complaint in this action.

Subject to and without waiving the foregoing, Mednax refers Plaintiffs to the insurance policies produced with Mednax's Initial Disclosures served on July 8, 2022.

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS reflecting or relating to training YOUR agents, employees, servants, and/or representatives on protection of PHI and PII information and the duties imposed by HIPAA from 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case to the extent it seeks information about Mednax's training of its agents, employees, servants, or representatives regardless of whether such information relates to the Microsoft Office 365 environment, which is the only environment at issue in this case, and regardless of whether the information relates to a phishing attack, which is the only kind of cyberattack at issue in this case.

Mednax further objects to this request as unduly burdensome because it seeks vast swaths of information related to all aspects of Mednax's data security training for a more than eight-year period, and for a period of time that predates the Cyberattack by more than six years.

Subject to and without waiving the foregoing, Mednax will produce documents sufficient to show the phishing training that it conducted during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 45**

All DOCUMENTS as a result of any claim made by any other person or entity other than the Plaintiffs herein regarding wrongful disclosure of PHI and PII information in the last 10 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Mednax incorporates by reference its General Objections.  Mednax objects to this Request because "claim" is vague and ambiguous.  Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case to the extent it seeks information about claims not related to the unauthorized access or exfiltration of PII or PHI through a phishing attack impacting Mednax's Microsoft Office 365 environment, which is all that is at issue in this case. Mednax further objects to this request as unduly burdensome because it purports to require Mednax to search for documents going back for a period of ten years, approximately eight years before the Cyberattack and four years before Mednax migrated to the Microsoft Office 365 system that is the only system at issue.

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS related to any wrongful disclosure of PHI and PII information in the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this

Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case to the extent it seeks information about wrongful disclosure of PII or PHI not related to the unauthorized access or exfiltration of PII or PHI through a phishing attack impacting the Microsoft Office 365 environment, which is all that is at issue in this case. Mednax further objects to this request as unduly burdensome because purports to require Mednax to search for documents going back for a period of five years, approximately three years before the Cyberattack. Mednax further objects to this request on the grounds that the phrase "wrongful disclosure" is vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 47

All DOCUMENTS reflecting or relating to disciplinary procedures for YOUR employees, agents, servants, and/or representatives who improperly disclose PHI and PII information in the last 5 years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Mednax incorporates by reference its General Objections. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case because this case did not involve a "disclos[ure]" of PHI and PII, it involved a criminal phishing attack and because the employee who clicked on the phishing link that started the Cyberattack was an employee of American Anesthesiology, not Mednax.

## REQUEST FOR PRODUCTION NO. 48

All DOCUMENTS, correspondence, materials, or reports between YOU and the Health and Human Services Office - Office of Civil Rights regarding any wrongful disclosure of PHI and PII information or breach of YOUR duties pursuant to HIPAA and or HITECH from 2010 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Mednax incorporates by reference its General Objections. Mednax also objects to this

Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case because because this case did not involve a "disclos[ure]" of PHI and PII, it involved a criminal phishing attack. Mednax also objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case to the extent that it seeks information about communications with the Department of Health and Human Services Office of Civil Rights that do not relate to unauthorized access or exfiltration of PII or PHI through a phishing attack impacting Mednax's Microsoft Office 365 environment (which is the only environment and type of cyberattack at issue in this case). Mednax further objects to this request as unduly burdensome because it purports to require Mednax to search for documents going back for a period of ten years, approximately eight years before the Cyberattack and four years before Mednax migrated to the Microsoft Office 365 system that is the only system at issue.

Subject to and without waiving the foregoing, Mednax will produce its May 4, 2021 and March 4, 2022 responses to the Department of Health & Human Services Office for Civil Rights regarding the Cyberattack.

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS provided to each expert witness that YOU intend to call to testify at trial in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks to impose requirements beyond those of Federal Rule of Civil Procedure 26(a)(2). Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the

consulting expert privilege, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Interrogatory as premature, as the deadline to disclose expert witnesses in the Amended Fifth Scheduling Order is March 31, 2023. Dkt. No. 114 at 1.

Subject to and without waiving the foregoing, Mednax states that its investigation into this lawsuit is ongoing and it has not yet determined which expert(s) it intends to call at trial. Mednax will adhere to the requirements of Federal Rule of Civil Procedure 26(a)(2) and the deadlines imposed by this Court for disclosure of expert witnesses.

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS relied upon for each opinion of each expert witness identified by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Mednax incorporates by reference its General Objections. Mednax also objects to this Request to the extent it seeks to impose requirements beyond those of Federal Rule of Civil Procedure 26(a)(2). Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other privilege, immunity, or protection from disclosure, which will be withheld. Mednax also objects to this Interrogatory as premature, as the deadline to disclose expert witnesses in the Amended Fifth Scheduling Order is March 31, 2023. Dkt. No. 114 at 1.

Subject to and without waiving the foregoing, Mednax states that its investigation into this lawsuit is ongoing and it has not yet determined which expert(s) it intends to call at trial. Mednax will adhere to the requirements of Federal Rule of Civil Procedure 26(a)(2).

## REQUEST FOR PRODUCTION NO. 51

A list setting forth each case in which each expert identified by YOU has given testimony.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks to impose requirements beyond those of Federal Rule of Civil Procedure 26(a)(2).  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Interrogatory as premature, as the deadline to disclose expert witnesses in the Amended Fifth Scheduling Order is March 31, 2023.  Dkt. No. 114 at 1.

Subject to and without waiving the foregoing, Mednax states that its investigation into this lawsuit is ongoing and it has not yet determined which expert(s) it intends to call at trial.  Mednax will adhere to the requirements of Federal Rule of Civil Procedure 26(a)(2).

## REQUEST FOR PRODUCTION NO. 52

All DOCUMENTS or tangible things prepared by any expert whom YOU expect to call as a witness, including but not limited to his or her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request to the extent it seeks to impose requirements beyond those of Federal Rule of Civil Procedure 26(a)(2).  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, or any other privilege, immunity, or protection from disclosure, which

will be withheld.  Mednax also objects to this Interrogatory as premature, as the deadline to disclose expert witnesses in the Amended Fifth Scheduling Order is March 31, 2023.  Dkt. No. 114 at 1.

Subject to and without waiving the foregoing, Mednax states that its investigation into this lawsuit is ongoing and it has not yet determined which expert(s) it intends to call at trial.  Mednax will adhere to the requirements of Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 53**

All DOCUMENTS related to any merger, divestiture, or buy/sell agreements, including representations and warranties related thereto, between Defendants and American Anesthesiology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case, as the merger, divestiture, or buy/sell agreements between Mednax and American Anesthesiology nothing to do with whether Mednax is liable to plaintiffs or to the members of the putative class as a result of the Cyberattack. Mednax further objects on these same grounds to the extent the Request seeks information about any other merger, divestiture, or buy/sell agreements unrelated to the sale of American Anesthesiology on May 6, 2020.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.

Subject to and without waiving the foregoing, Mednax will produce the Securities Purchase Agreement by and between Mednax Services, Inc. and NMSC II, LLC dated as of May 6, 2020 and the May 6, 2020 Master Transition Services Agreement.

**REQUEST FOR PRODUCTION NO. 54**

All indemnification agreements between Defendants and American Anesthesiology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case, as the existence of an indemnity agreement has nothing to do with whether Mednax is liable to plaintiffs or to the members of the putative class as a result of the Cyberattack.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.  Mednax also objects to this Request on the grounds that the term "indemnification agreements" is vague and ambiguous.

Subject to and without waiving the foregoing, Mednax will produce Securities Purchase Agreement by and between Mednax Services, Inc. and NMSC II, LLC dated as of May 6, 2020 and the May 6, 2020 Master Transition Services Agreement.

**REQUEST FOR PRODUCTION NO. 55**

All DOCUMENTS related to demands or crossclaims made by Defendants against American Anesthesiology or third parties (e.g., vendors) related to the DATA BREACH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportionate to the needs of the case, as the existence of demands or crossclaims made by Mednax against American Anesthesiology or third parties has no bearing on any party's claims or defenses in this matter, as Mednax and American Anesthesiology are not

asserting claims against each other in this matter.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.

**REQUEST FOR PRODUCTION NO. 56**

All DOCUMENTS related to business associate agreements between Defendants and American Anesthesiology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Mednax incorporates by reference its General Objections.  Mednax also objects to this Request because "related to" is vague and ambiguous.  Mednax also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, consulting expert privilege, joint defense privilege, the work product doctrine, or any other privilege, immunity, or protection from disclosure, which will be withheld.

Subject to and without waiving the foregoing, Mednax will produce the business associate agreement(s) between it and American Anesthesiology.

Dated: July 19, 2022                    Respectfully Submitted,


                    By: */s/ Kristine McAlister Brown*
                        KRISTINE MCALISTER BROWN
                        Kristine McAlister Brown
                        Florida Bar No. 443640
                        Gavin Reinke
                        M. Ashley Miller
                        ALSTON & BIRD LLP
                        1201 West Peachtree Street
                        Atlanta, GA 30309
                        Phone: (404) 881-7000
                        Fax: (404) 881-7777
                        kristy.brown@alston.com
                        gavin.reinke@alston.com
                        ashley.miller@alston.com

*Attorneys for Defendants Mednax Inc.; Mednax Services, Inc.; Pediatrix Medical Group, and Pediatrix Medical Group of Kansas, P.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of the foregoing on the following

counsel via e-mail on July 19, 2022.

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
wbf@federmanlaw.com

Maureen M. Brady
Lucy McShane
MCSHANE & BRADY LLC
1656 Washington Street, Suite 140
Kansas City, MO 64108
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

Lee E. Bains, Jr.
Thomas J. Butler
Starr T. Drum
Caleb C. Wolanek
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
lbains@maynardcooper.com
tbutler@maynardcooper.com
sdrum@maynardcooper.com
cwolanek@maynardcooper.com

*/s/ Gavin Reinke*
Gavin Reinke