UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MD-02994-RAR

In re:

**MEDNAX SERVICES, INC.,
CUSTOMER DATA SECURITY BREACH LITIGATION**

_____/

This Document Relates to All Actions

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** comes before the Court upon Plaintiffs', Gregory Baum, as legal guardian of a minor child whose initials are A.B.; Abigail Bean, as legal guardian of a minor child whose initials are C.B.; Chaya Clark; Chelsea Cohen, as parent and legal guardian of A.H.; Jessica Jay, as legal guardian of a minor child whose initials are B.J.; Gerald Lee; Joseph Larsen, as parent and legal guardian of a minor child whose initials are A.L.; Brooke Nielsen; Michael Rumely, as legal guardian of minor children whose initials are H.R. and M.R.; Matias Soto, as legal guardian of a minor child whose initials are M.S.; and A.W. by and through her Next Friend, B.W. ("Plaintiffs" or "Settlement Class Representatives"), Unopposed Motion for Final Approval of Class Action Settlement, filed on September 20, 2024 ("Final Approval Motion"), [ECF No. 325], Plaintiffs' Unopposed Motion for Attorney Fees, filed on July 26, 2024 ("Fee Motion"), [ECF No. 324], and Plaintiffs' Unopposed *Ore Tenus* Motion for Administration Costs made during the Final Approval Hearing on October 4, 2024, [ECF No. 327] (together, the "Motions").

On April 10, 2024, this Court entered an order granting preliminary approval ("Preliminary Approval Order"), [ECF No. 320], of the Settlement between (a) the Settlement Class Representatives, on behalf of themselves and the Settlement Class; (b) Mednax Inc., Mednax

Services, Inc., Pediatrix Medical Group, and Pediatrix Medical Group of Kansas, P.C. (collectively, "Mednax"); and (c) American Anesthesiology, Inc. ("AA" and with Mednax, "Defendants"), as memorialized in Exhibit 1, [ECF No. 317-1], to the Declaration of William B. Federman In Support of Plaintiffs' Unopposed Motion for Preliminary Approval.[1] On June 10, 2024, pursuant to the notice requirements set forth in the Settlement and the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing. *See* Declaration of Omar Silva Regarding Notice Procedures, Claims Update, and Settlement Administration ("Silva Declaration"), [ECF No 325-1].

On October 4, 2024**,** the Court held a Final Approval Hearing, [ECF No. 327], to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Consolidated Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration, [ECF No. 326], from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of Attorneys' Fees and Expenses.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order; having heard the presentation of Class Counsel and counsel for Defendants; having reviewed all of the submissions presented with respect to the proposed Settlement; having determined that the Settlement is fair, adequate, and reasonable; having

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

carefully considered the application made by Class Counsel for Attorneys' Fees and Expenses; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motions are **GRANTED** as set forth herein.

## BACKGROUND

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class Members. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arms' length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7. No objections were filed by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9. A list of those putative individuals who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Silva Declaration, [ECF No. 325-1], filed in advance of the Final Approval Hearing. That list is attached as Exhibit A to this Order. The persons and/or entities listed in Exhibit A are not bound by the Settlement, or this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. A total of 144 opt-outs were submitted. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties. Further information regarding the administration of claims under the Settlement is detailed in the Supplemental Declaration of Zach Cooley Regarding Claims Status and Settlement Administration ("Cooley Declaration"), [ECF No. 326].

## LEGAL STANDARD

10. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (cleaned up). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Id.* In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b)

must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *See id*. at 671–672.; *see also Diakos v. HSS Sys., LLC*, 137 F. Supp. 3d 1300, 1306 (S.D. Fla. 2015) (explaining a court evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil Procedure 23(a) and (b)); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

11. Rule 23(a) requires: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* FED. R. CIV. P. 23(a)(1)–(4). Rule 23(b)(3) requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The Eleventh Circuit also requires that the class representatives have standing to sue and that the proposed class is adequately defined and clearly ascertainable. *See Prado-Steiman ex rel Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *see also Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).

12. If certification of a settlement class is appropriate, a court then determines if the proposal is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). To do so, the Court considers whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) he relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

*Id.*

13. Further, the Eleventh Circuit "instruct[s] district courts to consider several additional factors called the *Bennett* factors." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). These additional factors are:

> there was no fraud or collusion in arriving at the settlement and . . . the settlement was fair, adequate and reasonable, considering (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986 ("*Bennett* factors"). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (cleaned up).

## CLASS CERTIFICATION

14. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All persons residing in the United States who were notified in or around December 2020 and January 2021, via either written or substitute notice, that their PHI and PII may have been involved in the Incident. The Settlement Class specifically excludes: (i) Defendants, any Entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff, and (iii) any individual who timely and validly opts out of the Settlement.

15. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Rule 23(a), 23(b)(3), and 23(e), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims

of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy. *See* Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement and Notice Program, [ECF No. 320], at 6–16 (analyzing class action settlement factors under Rule 23(a), 23(b)(3), and 23(e), as well as the *Bennett* Factors).

16. The Court grants final approval to the appointment of Plaintiffs Gregory Baum, as legal guardian of a minor child whose initials are A.B.; Abigail Bean, as legal guardian of a minor child whose initials are C.B.; Chaya Clark; Chelsea Cohen, as parent and legal guardian of A.H.; Jessica Jay, as legal guardian of a minor child whose initials are B.J.; Gerald Lee; Joseph Larsen, as parent and legal guardian of a minor child whose initials are A.L.; Brooke Nielsen; Michael Rumely, as legal guardian of minor children whose initials are H.R. and M.R.; Matias Soto, as legal guardian of a minor child whose initials are M.S.; and A.W. by and through her Next Friend, B.W. as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

17. The Court grants final approval to the appointment of William B. Federman of Federman & Sherwood and Maureen M. Brady of McShane & Brady, LLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

18. The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

19. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEY'S FEES

20. The Court has considered Class Counsel's Motion for Attorneys' Fees and Expenses.

21. The Court awards Class Counsel 30% of the gross Settlement Fund as an award of attorney's fees totaling $1,800,000, and $746,322.11 as an award of costs and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement.

22. The fee request is supported by awards made in similar cases as "district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund." *Hanley v. Tampa Bay Sports & Ent. LLC*, No. 8:19-CV-550-CEH-CPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) (citing *Wolff v. Cash 4 Titles*, No. 03-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding 33% is consistent with the market rate

in class actions)); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming attorneys' fee award of 33 1/3% to class counsel).

23. The Court further finds that the fee request is reasonable and appropriate under the *Camden* factors used by courts in this Circuit in determining court-awarded attorneys' fees in common fund class actions settlements, namely: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991).

24. Further, at the time Plaintiffs filed their fee motion, Class Counsel had a combined lodestar with a negative multiplier. This negative multiplier supports the reasonableness of the fee request. *See In re Health Ins. Innovations Sec. Litig.*, No. 8:17-cv-2186-TPB-SPF, 2021 WL 1341881, at *13 (M.D. Fla. Mar. 23, 2021) (finding "negative multiplier of 0.33" supports reasonableness of fee request where "[t]ypically, courts award a [positive] multiplier range of 2.5 to 4 in class actions"), report and recommendation adopted, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021).

25. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## AWARD OF ADMINISTRATION COSTS

26. At the Final Approval Hearing held on October 4, 2024, [ECF No. 327], Plaintiffs' counsel made an unopposed *Ore Tenus* Motion requesting that the Court approve payment of

settlement administration costs to Verita Global (f/k/a KCC Class Action Services) ("Verita"), as detailed in the Cooley Declaration. *See* [ECF No. 326] at ¶ 4. Having carefully considered the *Ore Tenus* Motion, the Cooley Declaration, the record, and being otherwise fully advised, the Court grants this *Ore Tenus* Motion and awards Verita approximately $1,373,356 from the Settlement Fund as an award of administration costs—including both costs to date as well as through completion of this matter—to be paid in accordance with the Settlement. The Court finds this amount of administration costs to be fair and reasonable. This award of administration costs, and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement.

27. This award of administration costs is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.

### **OTHER PROVISIONS**

28. The Parties to the Settlement shall carry out their respective obligations thereunder.

29. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

30. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.

31. "Released Parties" means Settlement Class Representatives and all Settlement Class Members who do not timely and validly opt out of the Settlement, Defendants, and each of their current and former family members, relatives, parents, subsidiaries, divisions, affiliates, and affiliated medical practices, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, owners, employees, agents, vendors, insurers, reinsurers, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.

32. "Released Claims" means all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Incident, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

33. For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-301 *et seq.*; the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521 *et seq.*; the California Customer Records Act, Cal. Civ. Code §§ 1798.80 *et*

*seq.*; the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*; the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*; the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*; the New York General Business Law, N.Y. Gen. Bus. Law §§ 349 *et seq.*; the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 *et seq.*; the Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86.020 *et seq.*; the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.80 *et seq.*; and the California Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 *et seq.*); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

34. "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties

stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

35. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendants; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment

(including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

36. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Defendants has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

37. The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

38. The Court hereby dismisses the Action and the Consolidated Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

39. Consistent with Paragraph 6.4 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement. In such an event, the Parties

shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

40. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

41. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motions are **GRANTED**. This case is **DISMISSED** *with prejudice*, and no costs shall be awarded other than those specified in this Order or provided by the Settlement Agreement. The Clerk is instructed to **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**